UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERSTATE FIRE AND CASUALTY COMPANY,<br><br>           Plaintiff,<br><br>    v.<br><br>FIRST SPECIALTY INSURANCE COMPANY; AND DOES 1 through 10, inclusive,<br><br>           Defendants. | No. 2:17-cv-01795-KJM-AC<br><br><u>ORDER</u> |

        The matter before the court is a dispute between two insurance carriers regarding the defendant carrier's obligation to pay defense expenses or indemnify in connection with multiple underlying construction defect actions.

        On September 20, 2018, the parties submitted a Joint Status Report explaining their different positions on how the case should proceed. ECF No. 24. Plaintiff argued that all the underlying actions could be resolved by the interpretation of First Specialty's deductible endorsement, and therefore the court should try one "exemplar case" to resolve that issue. *Id.* at 2-3. Defendants disagreed, arguing that the deductible issue was only raised by a minority of the

*/////*

1

1 | underlying actions, and the case should instead be tried in phases, each addressing "a manageable
2 | group of underlying actions." *Id.* at 4-7.

3 | The court held a status conference on September 27, 2018 to discuss these
4 | different approaches, but the parties remained divided on whether there was one common issue
5 | that is implicated by all the underlying actions. *See* ECF No. 25. In an effort to better understand
6 | the parties' positions, the court ordered the parties to submit a chart outlining the issues in each of
7 | the underlying actions. *See id.*

8 | Having reviewed the parties' chart, ECF No. 26, the court observes that two issues
9 | appear multiple times in the underlying actions: (1) whether the property damage commenced
10 | during the policy period and (2) whether the "Prior Completed or Abandoned Work Exclusion"
11 | applies. *See id.* Six of the fifteen cases outlined in the parties' chart involve one or both of these
12 | issues. *Id.*

13 | In order to facilitate an efficient resolution of this case, the case will be organized
14 | into two phases: The first will be comprised of all the underlying actions that involve the two
15 | aforementioned issues[1] and the second will be comprised of all the remaining underlying actions.
16 | If plaintiffs are correct that all of these actions can be resolved by resolution of the deductible
17 | endorsement issue, then the deductible endorsement issue will also be implicated and resolution
18 | of the first phase may obviate the need for the second phase.

19 | The parties SHALL file a joint status report within fourteen (14) days with a
20 | proposed schedule for discovery and dispositive motion practice for the first phase as outlined
21 | above.

22 | IT IS SO ORDERED.
23 | DATED: October 25, 2018.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *Allred v. Ranchwood Homes Corp.*; *Alstatt v. Centex Homes*; *Baker v. Mello Ranch 130, LLC*; *Ceccarelli Revocable Living Trust v. Centex Homes*; *Paradise Court Homeowners Association v. D.R. Horton, Inc.*; *Wigwam Ranch East Twilight Homeowners Association v. D.R. Horton, Inc.*