UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERSTATE FIRE & CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>FIRST SPECIALTY FIRE INSURANCE COMPANY,<br><br>Defendant. | No. 2:17-cv-01795 KJM AC<br><br>ORDER |

Before the court is defendant First Specialty Insurance Company's motion to compel discovery, filed February 5, 2018, noticed for hearing on February 27, 2019. ECF No. 34. Phase One fact discovery in this matter is to be completed by March 1, 2019. ECF No. 31. Pursuant to Local Rule 251(c), the parties were required to file a joint statement in compliance with the Local Rules and the Standing Orders of Magistrate Judge Claire, located on the court's website, no later than February 20, 2019.

Instead of a joint statement, defense attorney Matthew S. Harvey submitted a declaration claiming an inability to obtain a joint statement. ECF No. 35. The declaration states that the parties met and conferred on February 19, 2019 and made some agreements that may impact the motion to compel. Id. at ¶6. Mr. Harvey states that at 8:27 a.m. on February 20, 2019, the date

1

the joint statement was due, he first e-mailed a draft joint statement to plaintiff's counsel and asked for plaintiff's counsel to provide their sections of the joint statement the same day.  Id. at ¶ 8.  Plaintiff's counsel stated he was working on it but could not assure Mr. Harvey that his sections would be completed by the end of the day.  Id.  Mr. Harvey sent an updated joint statement draft to plaintiff's counsel at 1:37 p.m. that day.  Plaintiff's counsel indicated at 3:37 p.m. that plaintiff would not be able to provide its sections until February 21st or 22nd.  Id.

      As the moving party, defendant was required to act early enough to ensure a proper joint statement could be timely filed with the court.  At this late date the court will not accept an untimely joint statement, nor will the court consider half a joint statement when it is apparent from Mr. Harvey's declaration that the parties have been in contact and there is no clear, legitimate reason why defendant had to wait until the eleventh hour to get a draft of the joint statement to plaintiff for its contribution.  The present circumstances do not support an exception to the joint statement requirement under Local Rule 251(e).

      Because the parties did not file a timely joint statement and have therefore failed to comply with Local Rule 251(c), defendant's motion to compel (ECF No. 34) is DENIED without prejudice and the hearing set for February 27, 2019 is VACATED.  Because the discovery deadline in this case for Phase One is March 1, 2019, any renewed motion compel would be untimely.  ECF No. 31.  The parties are free to continue to engage in informal negotiations regarding discovery, but the right to seek enforcement by this court has concluded absent a schedule modification made by the district judge in this case.  Id.

      IT IS SO ORDERED.

DATED: February 22, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE